PEOPLE, PLAINTIFF AND APPELLEE, v. RIVERA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution
for Violation of the Motor Vehicles Act.

No. 1591.—Decided December 23, 1920.

MOTOR VEHICLES—INFORMATION.—An information in which it is alleged that the
defendant ''did not stop the machine, which he was driving in the middle
of the road, nor turn it to the left, for which reason he ran over the said
boy, causing him a serious wound in the left foot, * * *'' specifically
charges the defendant with a violation of subdivisions ''d'' and ''e'' of
section 12 of the Act to regulate the use of motor vehicles in Porto Rico.

ID. — EXCESSIVE SENTENCE — APPEAL. — A judgment sentencing to four months'
imprisonment a defendant guilty of violating Act No. 75 of April 13, 1916,
is erroneous and will be modified on appeal.

The facts are stated in the opinion.

*Messrs. J. Martínez Dávila* and *A. Lens Cuena* for the
appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant assigns two errors in support of his appeal
from the judgment finding him guilty of a violation of section
12 of the Automobiles Act, sentencing him to four months
of imprisonment, with the costs, and suspending his license
as chauffeur for six months. These assignments are as fol-
lows:

"First. That the District Court of San Juan, Section 2, erred
in overruling the demurrer interposed by the defendant in this case.

"Second. That the District Court of San Juan erred in sentenc-
ing the defendant to four months of imprisonment for a violation
of the Automobiles Act of April 13, 1916."

In support of the first assignment the appellant alleges
that the complaint does not charge him with the violation
of any of the specific provisions of section 12 of Act No.
75 of April 13, 1916, because it does not specify any con-
crete act in violation thereof, and cites the decisions of this
court in *People* v. *Borque,* 25 P. R. R. 553; *People* v. *Rivera,*

26 P. R. R. 393; *People* v. *Salgado,* 27 P. R. R. 804, and
*People* v. *Matienzo,* 27 P. R. R. 838.

In response to this argument and in order to show that
this case is not attended by the same facts as appeared in
the cases cited, it is sufficient to quote the pertinent part
of the complaint, as follows:

"That at 3 p. m. on July 24, 1919, and in the road between Vega
Baja and Vega Alta of the municipal judicial district of Vega Baja,
P. R., which forms a part of the judicial district of San Juan, P. R.,
the said defendant wilfully and maliciously violated the provisions of
subdivision A of section 12 of the Act to Regulate the Operation of
Motor Vehicles in Porto Rico in not exercising due care to insure
the safety of persons and property while driving car No. X 2-1
along said road at a rapid rate of speed, and notwithstanding the
fact that he saw the child Tomás Martínez walking ahead of his
car, he did not stop the car which he was driving along the middle
of the road nor turn it to the left, for which reason he struck the
said child and caused it a serious wound in the left foot.  *  *  * "

Although the complaint refers to subdivision (*a*) of sec-
tion 12 of the act, whose terms are general, it really specifies
that he was driving the car along the middle of the road
and did not turn it to his left upon overtaking the child
Tomás Martínez, which is sufficient to give notice to the
appellant that he was charged with a violation of subdivi-
sions (*d*) and (*e*); and the failure to cite these two sub-
divisions, citing only subdivision (*a*) to the effect that at
all times due care must be exercised and reasonable precau-
tions must be taken to insure the safety of persons and prop-
erty, is not important.

As to the second assignment, the appellant is right and
the *Fiscal* of this court so admits, for section 18 of the said
act provides that a violation thereof shall be punished by
a fine of not less than five nor more than three hundred
dollars, or imprisonment for not less than five days nor
more than three months, and inasmuch as the appellant was

sentenced to four months of imprisonment, the judgment is erroneous in that respect and should be modified.

For the foregoing reasons the judgment appealed from must be modified by reducing to three months the sentence to be served by the defendant, and as modified

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.